# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ROBERT DUNCAN, ET AL.

VERSUS

THE CITY OF BATON ROUGE,
PARISH OF EAST BATON ROUGE,
ET AL.

**APRIL 26, 2021**

---

In Re:    City of Baton Rouge/Parish of East Baton Rouge, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 679099.

---

**BEFORE:   GUIDRY, McCLENDON, AND LANIER, JJ.**

**WRIT GRANTED.**   Louisiana Revised Statutes 47:2134(C)(1) requires that plaintiffs, as "person[s] resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law … timely pay the disputed amount due under protest to the officer or officers designated by law for the collection of the tax and shall give such officer or officers, notice at the time of payment of [their] intention to file suit for the recovery of the protested tax."   Moreover, La. R.S.  47:2134(C)(2) requires that "[a] legality challenge suit must be filed within thirty days from the date of the protested payment."   Here, plaintiffs do not specifically allege that they paid the disputed amounts under protest nor that they filed suit within thirty days from the date of the protested payments.   Moreover, while La. R.S.  47:2134(E)(1) does not require multiple suits when a legality challenge has been made, the taxpayer is nonetheless still required to pay the assessment under protest and agree to abide by the pending decision of the courts.   Plaintiffs do not allege that they did so herein.

Further, to recover under La. R.S. 47:2132, following its amendment by 2020 La. Acts 297, requires that a plaintiff must "prevail[ ] in a suit pursuant to R.S. 47:2134(C)."   See La. R.S.  47:2132(2)(a).   As noted above, plaintiffs cannot prevail in a suit brought under La. R.S. 47:2134(C) given that they did not allege that they paid the disputed amounts under protest and filed suit within thirty days therefrom.   Even assuming that the version of La. R.S.  47:2132 in effect prior to the 2020 amendment applies herein, a party raising a legality challenge still must meet the requirements in La. R.S. 47:2134 to be afforded a remedy under La. R.S. 47:2132.   See e.g., **New Orleans Riverwalk Marketplace, LLC v. Louisiana,** 2017-0968 (La. App. 4th Cir.  4/30/18),  243  So.3d  1070, writ denied, 2018-0889 (La. 9/28/18),  252  So.3d  925.   Because plaintiffs have not followed the mandates in La. R.S. 47:2134(C), they cannot recover under either version of La. R.S. 47:2132.

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

Accordingly, we hereby grant the writ application, and we reverse the trial court's October 6, 2020 judgment to the extent it denied the exceptions of no cause of action and prescription filed by the City of Baton Rouge and Parish of East Baton Rouge. We sustain the exceptions of prescription and no cause of action, and we dismiss plaintiffs' action against the City of Baton Rouge and Parish of East Baton Rouge with prejudice.

**JMG**
**PMc**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT